OF

# THE STATE OF NEW JERSEY.

## 1924.

EDWIN ROBERT WALKER, ORDINARY.

EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-CHANAN, JAMES F. FIELDER, ALONZO CHURCH, ROBERT H. INGERSOLL, JOHN BENTLEY AND MAJA LEON BERRY, VICE-ORDINARIES.

In the matter of the appeal of JOHN P. MESSLER and ELLA M. APPLEGATE from a decree of distribution of the orphans court of the county of Monmouth, in the matter of the estate of Lydia E. Tantum, deceased.

[Submitted November 28th, 1924. Decided December 18, 1924.]

Where next of kin of a decedent are all related in equal degree, being children of half-sisters of the decedent, under *P. L. 1918 p. 179*, they take *per stirpes* and not *per capita*.

*Mr. Edwin P. Longstreet,* for the appellants.

*Mr. Frank I. Smith* and *Mr. Richard W. Stout,* for the respondents.

*Messrs. Stokes & McDermott* and *Mr. William Hartshorne,* for the respondents, administrators, &c.

FOSTER, VICE-ORDINARY.

On June 26th, 1924, a decree of distribution was made by the orphans court of Monmouth county in the matter of the estate of Lydia E. Tantum, deceased.

The decree directs the distribution of the estate in the hands of the administrators, which amounts to $22,600.07 (less $1,863.58 to be paid to the state for inheritance tax), equally among the nieces and nephews of the intestate.

The decedent, Lydia E. Tantum, died intestate on the 28th of February, 1923, and letters of administration were granted to the respondents, Frank Horner and John A. De-Roach.

At the time of her death decedent left no husband nor children, nor any legal representatives of any child, or or parents, nor brothers and sisters. The distributees are all children of half-sisters of the decedent.

Decedent had three half-sisters, viz., Anne Bowman Messler, Phœbe B. Thompson and Sara V. Bowman-Fountain, who predeceased her. Mrs. Messler left four children surviving her, the appellants being two of them. Mrs. Thompson left her surviving three children, and the widow and three children of her deceased son William, who died before decedent, and Mrs. Fountain left two children surviving her.

Appellants contend that as the distributees are all next of kin related in equal degree to the decedent, the decree should have directed the division of the estate among them *per capita* and not *per stirpes.*

This contention is based upon the statute of distribution which was in force, with slight variations from time to time, from 1795 to 1918.

Our statute of 1795 (Pennington's laws) is an almost literal copy of the English statute of 1671 (*22 and 23 Car. II ch. 10*), and an interesting history of the legislation on the subject will be found in the opinion of Chancellor Zabriskie, in the case of *Fidler* v. *Higgins, 21 N. J. Eq. 138.*

Prior to 1918, by virtue of the statute, the nieces and nephews of an intestate were entitled to participate in the distribution of the personal estate only as next of kin of the decedent, and if they were related in equal degree to the intestate they took a part or share of the estate *per capita.* But if the claimants to the estate were related to the decedent in unequal degree, or if they claimed by representation, then they took *per stirpes. Fidler* v. *Higgins, supra; Davis* v. *Vanderveer's Admr., 23 N. J. Eq. 581; Wagner* v. *Sharp, 33 N. J. Eq. 520; Fisk* v. *Fisk, 60 N. J. Eq. 195; Smith* v. *McDonald, 69 N. J. Eq. 765; affirmed, 71 N. J. Eq. 261.*

In 1918 the legislature, by chapter 63 of the laws of that year (*P. L. 1913 p. 179*), amended subsections 3 and 4 of chapter 47 of the act of 1914 (*P. L. 1914 p. 69*), which had amended certain subsections of section 169 of subdivision 14 relating to distribution under the Orphans Court act. *3 Comp. Stat. pp. 3874, &c.*

The amendments to subsections 3 and 4, made by the act of 1918, makes these subsections now read as follows:

"Section 3. If there be no husband or widow, as the cause may be, then all of the said estate to be distributed equally to and among the children, and in case there be no child, nor any legal representative of any child, then equally among the parents and brothers and sisters, *and the representatives of deceased brothers and sisters,* provided that no representation shall be admitted among collaterals after deceased brothers' and sisters' children.

"Section 4. If there be no husband or widow, child or any legal representative of any child, nor a parent, brother or sister, *nor the representative of a deceased brother or sister,* then all the estate to be distributed equally to the next of kindred in equal degree, of or unto the intestate, and their legal representatives as aforesaid."

The words in italics are the pertinent parts of the amendments with which we are now concerned, and it is clear that the effect of these amendments is to take the children, or

representatives, of deceased brothers and sisters of the intestate, out of their former classification as next of kin of the decedent, and to place them among the collateral relatives of the intestate among whom the statute now directs the personal estate shall be equally divided, before other next of kin or more remote degree can participate in its distribution.

The present statutory direction is a variation from the scheme of distribution that had continuously prevailed prior to 1918, for not only are the children (representatives) of deceased brothers and sisters of the intestate removed from participation in the distribution of the estate as next of kin, but they are now placed in priority over all others classed as next of kin, in the event that the intestate does not leave surviving any of the other relatives previously specified in the statute.

The further effect of the amended statute is that it deprives nieces and nephews, in equal degree, in their capacity as the representatives of deceased brothers and sisters of the intestate, of the possibility of distribution being made among them *per capita,* as next of kin, for the terms of the statute, in its reference to the representatives of deceased brothers and sisters, are not mere words of description, but are clearly intended to indicate the capacity in which the (children) representatives of deceased brothers and sisters of decedent shall take part or share of the estate.

By the terms of the amendments of 1918 express and explicit directions are given that, upon the failure of other specified relatives to survive the decedent, the personal estate is to be distributed equally to and among the representatives of deceased brothers and sisters.

This direction is twofold in its terms, for it requires, not only an equal distribution, but an equal distribution to and among the representatives of intestate's deceased brothers and sisters, and it clearly eliminates such representatives—the neices and nephews in the instant case—from participation as next of kin, and permits their participation in the distribution only in their capacity as representatives of their deceased parents.

The right of the appellants and of the other parties interested to participate in the distribution of this estate rests upon the statute, and the statute in force applicable to this controversy is the act of 1918, which in express terms permits the children of the deceased brothers and sisters of the intestate to participate in the distribution of this estate only by way of representation, *i. e.,* as the representatives of their deceased parents; and in granting this privilege of participation the statute expressly directs that such distribution of the estate shall be made to and among such representatives equally.

It is conceded that, although the appellants and the other interested parties are only half-blood relatives of the decedent, they are entitled to share in the estate equally with relatives of the whole blood. *Smith* v. *McDonald, 71 N. J. Eq.* (at *p. 264*).

The decree appealed from directs an equal distribution of the estate among the nieces and nephews of decedent, as representatives of her deceased half-sisters, in strict conformity to the requirements of the amending act of 1918, and I will therefore advise that it be affirmed.