This is an appeal of Maude Bell and the Trust Company of New Jersey, assignee of John T. Minugh, from the decree of distribution in the orphans court of Bergen county in the matter of the estate of Harrison T. Johnson.
The facts are not in dispute.
Harrison T. Johnson died in Englewood, Bergen county, on February 16th, 1924, intestate and unmarried, leaving *Page 838 
him surviving as his only next of kin his mother, Isabella S. Johnson, who inherits his personal estate under the statute of distribution, and left no brothers or sisters, nor the legal representatives of deceased brothers or sisters. His father, Peter S. Johnson, had predeceased him by many years. Under the statute the decedent's personal estate, therefore, passed to his mother, Isabella S. Johnson. The latter died on February 17th, 1924, a few hours after the death of Harrison T. Johnson. Isabella S. Johnson left a will wherein she bequeathed her entire estate to her son, Harrison T. Johnson. The personal property of which Harrison T. Johnson died possessed and which went to his mother, Isabella S. Johnson, passed, by reason of lapsing of the provisions in her will, upon her death, to her nearest next of kin, being the representatives of deceased sisters of Isabella S. Johnson, deceased, viz., Sadie D. Pumyea, a child of Mary D. Foulds, a deceased sister of said Isabella S. Johnson, and Maude Bell and John T. Minugh, children of Amelia Minugh, a deceased sister of said Isabella S. Johnson. All of these are over the age of twenty-one years. The distribution of the estate of Isabella S. Johnson is governed by subsections 3 and 4, section 169 of the statute of distributions, being chapter 63 of the laws of 1918. The above sections have been construed by the late Vice-Ordinary Foster in a decision handed down by him on December 26th, 1924, in the appeal of Messler, 97 N.J. Eq. 271, affirming a decree of distribution made by the orphans court of Monmouth county. The parties in the case before me are children of the deceased sisters of Isabella S. Johnson, and are in the same degree of relationship as the parties in the Messler Case, except that in the Messler Case the parties were children of deceased sisters of half blood, whereas in the case at bar the parties are children of deceased sisters of the whole blood, but in the distribution of personal property the half blood participates equally with the whole blood.
I shall follow the views of the learned vice-ordinary in theMessler Case.
The decree is affirmed. *Page 839