This is an appeal of Maude Bell and the Trust Company of New Jersey, assignee of John T. Minugh, from the decree of distribution in the orphans court of Bergen county in the matter of the estate of Isabella S. Johnson.
The facts are not in dispute.
Isabella S. Johnson died in Englewood, Bergen county, New Jersey, on February 17th, 1924. Her husband had predeceased her and she never remarried. She had five children, four of whom died in infancy, the eldest of the four being nine years of age at the time of death. One son, Harrison T. Johnson, lived until February 16th, 1924, predeceasing his mother by but a few hours. Isabella S. Johnson left a will in which she devised and bequeathed all her real and personal estate to her son, Harrison T. Johnson, but he predeceased her, and being unmarried at the time of his death the bequests and devises in his favor in his mother's will lapsed. Isabella S. Johnson, therefore, died intestate, leaving as her nearest next of kin children of two deceased sisters, namely, Sadie D. Pumyea, a child of Mary D. Foulds, a deceased sister of the said Isabella S. Johnson, and Maude Bell and John T. Minugh, children of Amelia Minugh, a deceased sister of Isabella S. Johnson. The section of the statute of distributions covering the distribution in this case are subsections 3 and 4 of section 169, chapter 63 of the laws of 1918. The above subsections have been construed by the late Vice-Ordinary John E. Foster, in the appeal of Messler, 97 N.J. Eq. 271, affirming a decree of distribution made by the orphans court of Monmouth county. The parties in the case before me are children of deceased sisters of Isabella S. Johnson, and are in the same degree of relationship as the parties in the Messler Case, except that in the Messler Case the parties were children of deceased sisters of the half blood, *Page 837 
whereas in the case at bar the parties are children of deceased sisters of the whole blood, but in the distribution of personal property the half blood participates equally with the whole blood.
I shall follow the views of the learned vice-ordinary in theMessler Case.
The decree is affirmed.